IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 11 2019

CLERK, U.S. DISTRICT COURT
By_____
   Deputy

| | | |
|---|---|---|
| MELISSA VEATCH, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-296-A |
| | § | (NO. 4:16-CR-132-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Melissa Veatch ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, its supporting memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:16-CR-132-A, styled "United States of America v. Charles Ben Bounds, et al.," the court has concluded that the motion should be denied.

I.

### Background

Information contained in the record of the underlying criminal case discloses the following:

On May 18, 2016, movant was named in a superseding indictment charging her with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C.

§ 846. CR Doc.[1] 215. On June 22, 2016, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 314. Movant and her attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 315. Under oath, movant stated that no one had made any promise or assurance of any kind to induce her to plead guilty. Further, movant stated her understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by her guilty plea; movant was satisfied with her counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 1287.

The probation officer prepared a PSR reflecting that movant's base offense level was 38. CR Doc. 710, ¶ 29. She

---

[1]The "CR Doc. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-132-A.

received a two-level enhancement for importation, id. ¶ 30, a two-level enhancement for maintaining a premises for manufacturing or distributing a controlled substance, id. ¶ 31, and a three-level enhancement for being a manager or supervisor of criminal activity involving five or more participants, id. ¶ 33. She received a two-level and a one-level downward adjustment for acceptance of responsibility. Id. ¶¶ 37-38. Based on a total offense level of 42 and a criminal history category of VI, movant's guideline range was 360 months to life. Id. ¶ 117. The statutorily-authorized maximum sentence was 40 years; therefore, the guideline imprisonment range became 360 months to 480 months. Id.

Movant filed objections to the PSR. CR Doc. 1380. The probation officer prepared an addendum to the PSR. CR Doc. 818. On November 21, 2016, the court signed an order tentatively concluding that movant's objections were without merit and cautioning that there was a question as to whether she should receive any reduction for acceptance of responsibility. CR Doc. 823.

On November 23, 2016, movant appeared for sentencing. CR Doc. 840. She withdrew her objections to the PSR except for an objection as to paragraph 11, regarding the amount of methamphetamine for which movant should be held responsible. CR

Doc. 1288 at 5-6. The government presented the testimony of Special Agent McCurdy, id. at 10-18, and the court overruled movant's objection. Id. at 18. The court questioned whether movant should be entitled to acceptance of responsibility, but noted that it would not make any difference in her sentence. Id. at 18-19. She was sentenced to a term of imprisonment of 400 months. CR Doc. 848. Movant appealed and her sentence was affirmed. United States v. Veatch, 705 F. App'x 338 (5th Cir. 2017). Her petition for writ of certiorari was denied. Veatch v. United States, 138 S. Ct. 1709 (2018).

II.

Grounds of the Motion

Movant asserts four grounds in support of her motion, all alleging ineffective assistance of counsel. Doc.[2] 1. She says her counsel was ineffective (1) for failing to persist in challenging the drug quantity calculation in the PSR, id. at PageID[3] 4, (2) for failing to persist in objecting to the importation enhancement, id. at PageID 6, (3) for failing to persist in objecting to the drug premises enhancement, id. at PageID 9, and

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3]The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the printed page numbers of the form motion are not the actual page numbers and movant has inserted additional typewritten pages into the printed form.

4

(4) for failing to conduct an adequate investigation before withdrawing objections to the PSR, id. at PageID 11.

III.

## Applicable Legal Standards

A. <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974); <u>United States</u>

v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."

Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis[4]

Movant contends that her attorney was ineffective for failing to persist in objections initially made to the drug quantity attributed to her, the importation enhancement, and the drug premises enhancement.[5] She says that the information in the PSR was too vague to support the findings and recommendations of the probation officer and the rulings of the court. Further, she

---

[4] Along with her reply, movant submitted an affidavit, which the court is not considering as it was filed after the government filed its response and without leave of court to amend her motion. United States v. Cervantes, 132 F.3d 1106, 1111 (5th Cir. 1998). The affidavit is conclusory in any event and, for the reasons discussed herein, movant has not shown that she received ineffective assistance of counsel.

[5] As the government notes, movant did not object to the drug premises enhancement. CR Doc. 1380. Such an objection would have been meritless, given the information provided by the PSR.

says that her attorney withdrew the objections without consulting her and for no reason. Doc. 1 at PageID 4, PageID 6, & PageID 9.[6]

Contrary to movant's allegations, the PSR clearly sets forth the amount of drugs for which she was held responsible. Although it uses phrases such as "on at least three occasions" or "on at least 10 occasions," CR Doc. 710, ¶¶ 8, 10, movant was not held accountable for a greater number of transactions. Moreover, the probation officer was careful to avoid double-counting. Id. ¶ 20. Movant lodged objections to the PSR, CR Doc. 1380, and the probation officer prepared an addendum, rejecting the objections. CR Doc. 818. The court signed an order tentatively concluding that movant's objections were without merit and cautioning that there was a question as to whether she should receive any reduction for acceptance of responsibility. CR Doc. 823. Clearly, movant's attorney understood that if movant persisted in the objections, she might lose acceptance of responsibility. And, indeed, he withdrew two of the objections (as to importation and being a manager or supervisor) at the sentencing hearing. CR Doc. 1288. The attorney stated:

> In light of the Court's order that we received on November 21st, I spoke with [movant] about it, and there is one objection in particular that we believe is

---

[6]In her reply, movant makes a new claim that her attorney failed to understand that loss of acceptance of responsibility would not have affected her guideline range. Doc. 12 at 4-6. Again, the court is not considering new grounds urged in the reply. Cervantes, 132 F.3d at 1111.

> with merit and should not affect her acceptance of
> responsibility, but we would be willing to withdraw the
> other objections . . . .

Id. at 5. Movant did not dispute her attorney's representation at any time during the hearing.[7] Having decided to pursue a particular course of action, movant cannot now complain that her attorney was ineffective in complying with her wishes. Shore v. Davis, 845 F.3d 627, 633 (5th Cir. 2017). Counsel's conduct was prudent and movant might have lost acceptance of responsibility had she persisted in the objections. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999)(failure to persist in a meritless argument is not ineffective assistance).[8]

Contrary to movant's allegation in support of the first ground of her motion, her attorney did pursue the objection to drug quantity at the sentencing hearing. Doc. 1288 at 5-7. The government presented evidence to refute the objection. Id. at 8-14. Movant's counsel cross-examined the witness, attempting to discredit the testimony regarding amount supplied to movant. Id. at 14-17. The court overruled the objection, finding that the amount attributed to movant was based on reliable information.

---

[7] Contrary to movant's argument, Doc. 8 at 12, the sentencing transcript does not reflect that movant wanted her attorney to persist in the objections. CR Doc. 1288.

[8] That the loss of acceptance of responsibility would not have affected movant's guideline range does not mean that it could not have impacted her sentencing. Had the court determined that movant was not entitled to acceptance or responsibility, it might have sentenced her to a term of imprisonment of up to 480 months, rather than the 400 months she received.

Id. at 18. Movant has not shown, much less made any attempt to show, that the drug quantity was incorrectly calculated. Nor has she shown, or even attempted to show, that the importation, drug premises, and manager/supervisor enhancements were not properly applied. Movant herself admits that some of the methamphetamine was imported. Doc. 1 at PageID 7. See United States v. Serfass, 684 F.3d 548, 552 (5th Cir. 2012)(defendant need not even know methamphetamine was imported for the enhancement to apply). And, as for the drug premises enhancement, the PSR reflects that movant distributed large amounts of methamphetamine from her apartment. CR Doc. 710, ¶¶ 14, 15, 19.[9]

In her final ground, movant says that her attorney failed to conduct an adequate investigation before withdrawing her objections to the PSR. Doc. 1 at PageID 11. She says that had he done so, "he would have discovered ample evidence to present in mitigation to the sentencing court and the result of the proceeding would have been different." Doc. 8 at 10. Movant fails to describe specifically what her attorney should have done and how it would have impacted her sentence. When a movant alleges his attorney was ineffective for failing to interview witnesses or to investigate a case, she must allege with specificity what

---

[9]Paragraph 22 of the PSR says that the transactions described in paragraph 15 of the PSR took place in movant's apartment. CR Doc. 710.

exculpatory evidence the attorney would have discovered. United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). She must show how the evidence would have been material and beneficial to her defense. Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994). Here, movant has not pointed to specific evidence that could and would have been discovered and that would have changed the outcome. She merely speculates as to what might have been pursued and what might have been learned. The addendum to the PSR addressed movant's objections and verified that the sources of information were reliable. CR Doc. 818. The court was entitled to rely on the PSR and addendum thereto. Movant has not shown that she could have prevailed on any of her objections (even assuming the drug premises objection had been made). And, even had she prevailed as to drug premises and importation, her guideline range would have remained the same.[10]

V.

Order

The court ORDERS that all relief sought by movant in her motion be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255

---

[10]Under the 2015 guidelines applicable in movant's case, her sentencing range was 360 months to life (subject to the statutory cap of 40 years) had her offense level exceeded 36. In other words, contrary to movant's argument, Doc. 12 at 6, a 4-point reduction would not have affected the guideline range.

11

Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 11, 2019.

_____
JOHN McBRYDE
United States District Judge